UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNELL BLEDSOE, | No. 2:18-cv-3043-JAM-EFB PS |
| Plaintiff, | |
| v. | ORDER |
| CBS TELEVISION NETWORK, et al., | |
| Defendants. | |

Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1] His declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, plaintiff's complaint fails to state a claim and must be dismissed.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562-563, 570 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. at 555 (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley*, 355 U.S. at 47).

Plaintiff brings this action against defendants CBS Television Network ("CBS"), Greg Berlanti, Steven Lillien, Bryan Wyndrandt, Mark Zuckerberg, and Facebook Inc. ("Facebook"), alleging that all defendants violated copyright laws. ECF No. 1 at 6. The complaint alleges that in October 2018, CBS aired a show called "God Friended Me," which was produced by the individual defendants and Facebook. *Id*. at 8. Plaintiff alleges that to create the show, the defendants "stole [his] story from [an] 8 year documentary on [plaintiff's] Facebook" page. *Id*. at 8. Plaintiff also appears to allege that defendants Zuckerberg and Facebook hacked his Facebook account and sold over four months of his data, including his documentary, to CBS. *Id*. at 9. Based on these allegations, plaintiff seeks damages under 17 U.S.C. § 504 in the amount of $100 million dollars. *Id*. at 6-7.

/////

Plaintiff's allegations are insufficient to state a claim for copy right infringement. To state such a claim, plaintiff must allege facts plausibly showing "(1) that he owns a valid copyright in his work, and (2) that the defendants copied protected aspects of the work's expression." *Skidmore for Randy Craig Wolfe Trust v. Led Zeppelin*, 905 F.3d 1116, 1125 (9th Cir. 2018). To establish the second element, a plaintiff must allege facts showing the two works at issue are "strikingly similar," or "that the defendant had 'access' to the plaintiff's work and that the two works are 'substantially similar.'" *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481, 485 (9th Cir. 2000).

Plaintiff does not allege that he has a valid copyright in the documentary that was allegedly copied by defendants. Nor does he allege any facts demonstrating that his documentary is similar to the television show defendants created. Instead, he merely provides his conclusion that there are "too many similarities" between the two works (ECF No. 1 at 9), which is insufficient to establish that defendants copied aspects of plaintiff's work. *See Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) (the court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations). Accordingly, plaintiff's compliant must be dismissed for failure to state a claim.[2]

Plaintiff is granted leave to file an amended complaint, if he can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the allegations against each defendant and shall specify a basis for this court's subject matter jurisdiction. Any amended complaint shall plead plaintiff's claims in "numbered paragraphs,

---

[2] Plaintiff recently filed a document that could be construed as a first amended complaint. ECF No. 4. The document, however, merely summarizes the allegations in the original complaint and requests that the court log into plaintiff's Facebook account and "monitor [plaintiff's] blueprint documentary." *Id*. at 3. But like the original complaint, it does not contain sufficient allegations to state a claim for copyright infringement. Accordingly, to the extent plaintiff intended the document to serve as a first amended complaint, it too must be dismissed for failure to state a claim.

each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c). Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* E.D. Cal. L.R. 110.

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

2. Plaintiff's complaint is dismissed with leave to amend, as provided herein.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: October 15, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE