UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNELL BLEDSOE,<br><br>Plaintiff,<br><br>v.<br><br>CBS TELEVISION NETWORK, et al.,<br><br>Defendants. | No. 2:18-cv-3043-JAM-EFB PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

The court previously dismissed plaintiff's first amended complaint for failure to state a claim pursuant to pursuant to 28 U.S.C. § 1915(e)(2). ECF No. 5. Plaintiff was granted leave to file an amended complaint, and he has since filed a second amended complaint. ECF No. 6. As discussed below, the second amended complaint must also be dismissed for failure to state a claim.

As previously explained to plaintiff, although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual

1 allegations must be enough to raise a right to relief above the speculative level on the assumption
2 that all of the complaint's allegations are true." *Id*. (citations omitted).  Dismissal is appropriate
3 based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to
4 support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.
5 1990).

6 Under this standard, the court must accept as true the allegations of the complaint in
7 question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the
8 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
9 *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must satisfy the pleading
10 requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires a
11 complaint to include "a short and plain statement of the claim showing that the pleader is entitled
12 to relief, in order to give the defendant fair notice of what the claim is and the grounds upon
13 which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

14 As a threshold matter, the first 8 pages of the second amended complaint are identical to
15 allegations contained in an amended complaint plaintiff filed in a different action pending before
16 this court.  *Compare* ECF No. 6 *with Bledsoe v. Zuckerberg*, 2:18-cv-2756 (E.D. Cal.), ECF No.
17 7.  The crux of those allegations is that defendants Facebook, Inc. and its CEO, Mark Zuckerberg
18 violated the Racketeer Influenced and Corrupt Organizations Act ("RICO") and breached a
19 contract by permitting plaintiff's Facebook account to be hacked.  In that respect, plaintiff claims
20 that someone in Russia hacked his Facebook account and deleted posts he made over the course
21 of four months.  ECF No. 6 at 2-5.  He also claims that Facebook sold his personal information
22 "to the highest bidder on the black market," which is how his "story got sold to CBS Television
23 Network." *Id*. at 2-3.  He further claims Facebook "transmitted by wiretap" a picture of plaintiff,
24 which was subsequently used on a television show. *Id*. at 4.
25 /////
26 /////
27 /////
28 /////

However, the operative complaint in the instant action includes additional allegations concerning the infringement of plaintiff's intellectual property. *Id*. at 9-13. As far as the court can discern[1], plaintiff claims that he created multiple copyrighted works, included a documentary and several songs. *Id*. at 11-12. He appears to allege that after he posted these works on Facebook, defendant CBS Television Broadcast Company used the works in its production of the television show "God Friended Me." *Id*. Plaintiff purports to allege claims under 42 U.S.C. § 1983, 28 U.S.C. § 1361, RICO, and for copyright infringement, as well as several state law claims.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff does not allege that any of the defendants are state actors, nor does he claim defendants violated a right secured by the US Constitution. Plaintiff also fails to state a claim under 28 U.S.C. § 1361. That statute—which authorizes the court to issue writs of mandamus to "compel an officer or employee of the United States or any agency thereof to perform a duty"— does not appear to have any relevancy to plaintiff's allegations. *See* 28 U.S.C. § 1361.

Plaintiff also fails to state a civil RICO claim. "To prevail on a civil RICO claim, a plaintiff must prove that the defendant engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity and, additionally, must establish that (5) the defendant caused injury to plaintiff's business or property." *Chaset v. Fleer/Skybox Intern., LP*, 300 F.3d 1083, 1086 (9th Cir. 2002). A "pattern of racketeering activity" means at least two criminal acts enumerated by statute. 18 U.S.C. § 1961(1), (5) (including, among many others, mail fraud, wire fraud, and financial institution fraud). Plaintiff does state allegations demonstrating that he sustained an injury to his business or property as a result of defendants' conduct. Nor has he

---

[1] The second amended complaint is filled with fanciful allegations, making it difficult to discern the factual basis for plaintiff's purported claims. For example, plaintiff claims that in a Facebook post from October 2018, he stated that he "witnessed the Black Hawk Satellite or Starship and it moved from the 11 o'clock position which is the Eastern Southern skies to the Dirty South where slavery took place." ECF No. 6 at 12.

1  adequately alleged that defendants engaged in a pattern of racketeering activity by performing at
2  least two specific predicate acts. *Pineda v. Saxon Mortgage Services*, 2008 WL 5187813, at *4
3  (C.D. Cal. Dec. 10, 2008) ("It is not enough for [plaintiff] to rely on mere labels and conclusions"
4  to establish a RICO claim but rather, plaintiff must give each defendant notice of the particular
5  predicate act it participated in and must allege each predicate act with specificity).

6  The second amended complaint also fails to adequately allege a claim for copyright
7  infringement. To state such a claim, plaintiff must allege facts plausibly showing "(1) that he
8  owns a valid copyright in his work, and (2) that the defendants copied protected aspects of the
9  work's expression." *Skidmore for Randy Craig Wolfe Trust v. Led Zeppelin*, 905 F.3d 1116, 1125
10 (9th Cir. 2018). To establish the second element, a plaintiff must allege facts showing the two
11 works at issue are "strikingly similar," or "that the defendant had 'access' to the plaintiff's work
12 and that the two works are 'substantially similar.'" *Three Boys Music Corp. v. Bolton*, 212 F.3d
13 477, 481, 485 (9th Cir. 2000). Although plaintiff claims defendant CBS used his copyrighted
14 work in one of its television shows, he fails to provide allegations that, if accepted as true, would
15 demonstrate that his copyrighted works were substantially similar to CBS's show.

16 Lastly, plaintiff purports to allege several state law claims, including claims for breach of
17 contract and negligence. ECF No. 6 at 1, 3. But plaintiff has yet to assert a properly-pleaded
18 federal cause of action, which precludes supplemental jurisdiction over the state law claims. *See*
19 28 U.S.C. §§ 1331 ("The district courts shall have original jurisdiction of all civil actions arising
20 under the Constitution, laws, or treaties of the United States), 1367(a) (where the district court has
21 original jurisdiction, it "shall have supplemental jurisdiction over all other claims that are so
22 related to claims in the action within such original jurisdiction . . . ."). Further, plaintiff fails to
23 establish diversity of citizenship that could support diversity jurisdiction over the state law claim.
24 *See* 28 U.S.C. § 1332; *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir.
25 1987) (to establish diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship
26 of all parties, and that the matter in controversy exceeds $75,000.). Instead, the complaint
27 indicates plaintiff resides in Stockton, California, defendant Zuckerberg is a California citizen,
28 and that Facebook's principal place of business is in California. *See* 28 U.S.C. § 1332(c)(1) ("a

corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

Accordingly, plaintiff's second amended complaint must be dismissed for failure to state a claim. Further, the court finds that granting further leave to amend would be futile. Plaintiff has already been afforded an opportunity to amend, and his allegations continue to fall far short of stating a cognizable claim. Consequently, it is recommended that the dismissal be without further leave to amend. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (while the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile).

Accordingly, it is hereby RECOMMENDED that plaintiff's second amended complaint (ECF No. 6) be dismissed without leave to amend, and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 6, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE